| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br><br>CHOICE MONEY TRANSFER, INC. | DEFENDANTS<br><br>JUAN de JESUS URENA |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Schreeder, Wheeler & Flint, LLP<br>127 Peachtree Street, NE, Suite 1600<br>Atlanta, Georgia 30303-1845 | ATTORNEYS (If Known) |

PARTY (Check one box only)     ☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint objecting to dischargeability of debt pursuant to U.S.C. Sec. 523(c)(2)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property<br>☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property<br>☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property<br>☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan<br>☑ 426 To determine the dischargeability of a debt 11 U.S.C. § 523<br>☐ 434 To obtain an injunction or other equitable relief<br>☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action<br>☐ 459 To determine a claim or cause of action removed to a bankruptcy court<br>☐ 498 Other (specify) |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND<br>$ 18,000.00 | OTHER RELIEF SOUGHT<br>Nondischargeability of debt | ☐ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Juan de Jesus Urena | BANKRUPTCY CASE NO.<br>05-74236-pwb | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISIONAL OFFICE<br>Atlanta | NAME OF JUDGE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO.<br>Bonapfel |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☑ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>November   , 2005 | PRINT NAME<br>J. Carole Thompson Hord | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JUAN DE JESUS URENA | : | CASE NO. 05-74236-PWB |
| | : | |
| Debtor. | : | |
| _____ | : | |
| CHOICE MONEY TRANSFER, INC., | : | |
| | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| JUAN DE JESUS URENA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

COMES NOW Choice Money Transfer, Inc. ("Choice") for its complaint against defendant Juan De Jesus Urena and shows this court as follows:

1.

This is an action objecting to the discharge of a debt in the amount of $17,987.36 owed by the defendant to Choice pursuant to 11 U.S.C. § 523(a)(2).

2.

This court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the defendant is subject to the jurisdiction and venue of this court by virtue of having commenced a Chapter 7 petition in this court.

3.

Choice Money Transfer, Inc. is a New York corporation duly qualified and licensed to transact business in the State of Georgia and is in the business of money transmission.

4.

The defendant operates a business for money transmission through Dinemex Services, Inc., a Georgia corporation that has been administratively dissolved by the Georgia Secretary of State.

5.

Dinemex Services, Inc. executed an agency agreement with Choice to act as an agent for Choice in the business of money transfer. The defendant also executed a personal guaranty of the obligations under the agency agreement.

6.

Pursuant to the agency agreement, the defendant accepted funds from third parties to be wired to another location. The defendant then submitted a request to Choice to wire the amount of the funds received from the third party to the specified destination. The defendant was required to deposit the funds received into Choice's account and provide Choice with proof of the deposit in order for the transfer to be made by Choice to the third party.

7.

Beginning in July, 2005, the defendant instructed his sister to write five checks in the total amount of $18,070.15 from a Georgia corporation, Taino Express Inc., to Choice. Copies of the checks are attached hereto collectively as Exhibit "A". The defendant knew that there were not sufficient funds to cover the checks on deposit with the account for Taino Express, Inc. at the time he received each check.

8.

After receiving each check, the defendant sent a request to Choice to wire the funds for the check to third parties and deposited the check into Choice's account and provided Choice with confirmation of the deposit in order to induce Choice to wire the funds. Relying on the defendant's false representation regarding the deposit of funds for the wire transfers, Choice wired funds to the third parties.

9.

As a result of the defendant's fraudulent activity, Choice transferred $17,987.36 for which it did not receive payment.

10.

During the course of the 341 proceedings of this case, the defendant admitted that the indebtedness owed to Choice was incurred through false pretenses, false representations and actual fraud.

11.

The debt owed to Choice is non-dischargeable as contemplated by 11 U.S.C. § 523(a)(2) and as a consequence Choice is entitled to an order of this Court determining that the indebtedness owed to it is non-dischargeable.

12.

The defendant has been unnecessarily stubborn and litigious and has acted in bad faith in connection with this matter so as to entitle Choice to further recover its attorney's fees and costs of this action.

WHEREFORE, Choice Money Transfer, Inc. demands judgment against the defendant in the principal sum of $17,987.36,, that this Court determine that such indebtedness and judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), that Choice be awarded its attorney's fees and costs of this action, interest as allowed by law and such other relief as this court deems just and proper.

This 1st day of November, 2005.

*[signature]*

JOHN A. CHRISTY
Georgia Bar No. 125518
J. CAROLE HORD, ESQ.
Georgia Bar No. 291473
Attorneys for Choice Money Transfer, Inc.

SCHREEDER, WHEELER & FLINT, LLP
1600 Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 681-3450

K:\6136\1\AdverProceeding(complaint).doc

- 5 -



**EXHIBIT A**









## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the within and foregoing COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT by electronic filing and by placing a copy of the same in the United States Mail, with sufficient postage thereon to insure delivery addressed to:

>   Ronald E. Dobelstein, Esq.
>   3780 Mansell Road, Suite 450
>   Alpharetta, Georgia  30022
>
>   Tamara Miles Ogier, Esq.
>   Ellenbert, Ogier & Rothscild, P.C.
>   170 Mitchell Street, S.W.
>   Atlanta, Georgia  30303

This 1st day of November, 2005.

_____
J. CAROLE THOMPSON HORD

SCHREEDER, WHEELER & FLINT, LLP
1600 Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 681-3450

- 6 -